FILED
 2008 Jan-18  PM 03:24
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHWESTERN DIVISION</u>

| | |
|---|---|
| TERESA COLLINS and CARLTON LEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-PWG-30-S |
| | ) |
| FLYING J, INC., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OF OPINION</u>

The matter is before the court for consideration of the following motions filed by defendant Flying J, Inc.:

1)   September 27, 2007, Motion to Dismiss or Alternatively a Motion to Compel Discovery (doc. #20);

2)   November 1, 2007 Motion for Summary Judgment (doc. #21); and

3)   January 10, 2007 Motion to Enforce Order (doc. #23).

This matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(c).  For the reasons more fully set forth below defendant's motion to dismiss (doc. #20) and Motion to Enforce Order (doc. #23) are  due to be GRANTED.

On November 2, 2007, the court granted defendant's motion to compel discovery and warned plaintiffs "A failure to properly provide the discovery material requested within ten (10) days of the date of the entry of this order may result in the entry of a default judgment. (Doc. #22).  The order further provided:

> Teresa Collins and Carlton Lee are on notice that the failure to reply in compliance with the provisions of the *Federal Rules of Civil Procedure* to the motion to dismiss or the motion for summary

> judgment will result in the entry of a judgment in favor of the defendant (1) as a sanction for failure to comply with discovery obligations, (2) for want of prosecution and/or (3) summary judgment on behalf of defendant based upon the materials submitted in doc. # 21.
>
> A response to each motion must be <u>received</u> not later than November 28, 2007. The plaintiffs may not rely on the allegations in the complaint but must come forward with evidence to establish a *prima facie* case with respect to each element of the claim.

(Doc. #22).

Plaintiffs have not responded to the motion to dismiss or motion for summary judgment. Further, plaintiffs have failed to participate in discovery or otherwise prosecute their case. (Doc. #23).

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue sanctions for failure to obey an order to provide or permit discovery, including an order compelling discovery issued under Rule 37(a). Rule 37(b)(2)(c) authorizes the court to impose sanctions including

> (c)  An order striking the pleadings or parts there of, or staying further proceedings until the order is obeyed, or dismissing the action, or rendering <u>a judgment by default</u> against the disobedient party; (emphasis added)

Rule 37(b)(2)(c).

The sanctions available to courts under Rule 37 for a failure to comply with the discovery orders are necessary to, among other things, facilitate discovery and deter abuse of the discovery process. It is proper in appropriate cases to enter default judgment against parties who violate discovery orders. *Adolph Coors Co. v. Movement Against Racism*, 777 F.2d 1538 (11th Cir. 1985) (Court ordered default judgment because the defendants refused to comply with discovery order); *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987) (Court struck an answer and issued default judgment for

failing to comply with court order compelling discovery).  A trial court's discretion regarding discovery sanction is not unlimited.  *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510, 1519 (11th Cir. 1986).  The Eleventh Circuit has consistently held that while a district court may have broad powers under the rules to impose sanction for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and generally as a last resort.  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir.), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986); *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).  Dismissal is warranted only when non-compliance with discovery orders is due to a wilful disregard of the orders of the court.  *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Wouters v. Martin County, Florida*, 9 F.3d 924, 933-34 (11th Cir. 1993), *cert. denied,* 513 U.S. 812, 115 S.Ct. 65, 130 L.Ed.2d 21 (1994).

      The Supreme Court has stated that while a default judgment may be the "the most severe in the spectrum of sanctions provided by statute or rule [the sanction] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent."  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).  Default judgment or dismissal of claims and defenses are, while extreme, required in the appropriate case.  *See Shawmut Boston International Banking Corporation v. Duque-Pena*, 767 F.2d 1504 (11th Cir. 1985) (Default judgment entered against a defendant as a sanction for failure to attend a deposition); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979);

*Properties International, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (Dismissal of plaintiff's complaint for failing to provide witnesses at depositions/hearings).

In the present action no lesser sanction than a dismissal with prejudice, at plaintiffs' costs, appears appropriate. Plaintiffs Collins and Lee have refused to participate in discovery despite the court's granting of a motion to compel discovery. The order granting the motion to compel discovery warned plaintiffs of the possibility of a default judgment.

Further, as observed in the court's order of August 20, 2007 Ms. Collins, during a telephone conference, in effect "consented" to the termination of the litigation. (Doc. #19).

A final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 18th day of January, 2008.

PAUL W. GREENE
CHIEF MAGISTRATE JUDGE